IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:   Case No.: 16-4163-JCO
Daryl W. Burtanog, Sr., and   Chapter 13
Lois L. Burtanog,
Debtors.

MEMORANDUM OPINION AND ORDER

This matter came before the Court on Capital One N.A.'s (hereinafter "Movant") Motion to Allow Late Claim. (Doc. 32). Appearances were noted on the record. Having heard from the Movant, the Court finds that the Motion to Allow Late Claim is due to be DENIED for the reasons set forth below.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the District Court's Standing Order of Reference dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(B), and the Court has authority to enter a final order.

FACTS AND PROCEEDINGS

The Movant is the holder of a Promissory Note and Security Deed securing real property owned by the Debtors (hereinafter "the Property"). The Property is described as having the address of: 4472 Barden Avenue, Mobile, Alabama 36619. The Debtors filed this case under Chapter 13 of the U.S. Bankruptcy Code on December 1, 2016. The deadline for all creditors to file a proof of claim (except governmental units) was April 19, 2017. An order confirming the Debtors' Chapter 13 plan was entered July 19, 2017. (Doc. 29). The claim at issue, claim number 11-1, was filed on August 7, 2017, and amended on August 9, 2017, as claim number 11-2. An objection to claim number 11-2 was not filed by any party in interest. Movant asserts that the claim was filed late

because of Movant's attempts to verify and provide accurate and correct servicing amounts and fees within the projected proof of claim.

Although not set forth in Movant's Motion, this Court assumes based on the wording of Movant's proposed order that Movant's request for relief is based on an assertion of inadvertence or excusable neglect.

CONCLUSIONS OF LAW

This matter can be resolved by a brief review and analysis of the pertinent Bankruptcy Code provisions and Rules as they relate to the filing of proofs of claims. This issue is not a unique one and this Court need look no further than the Middle District of Alabama for an accurate and thorough analysis by Judge William Sawyer in *In re Bobby L. Edwards*, 2010 WL 3807161 (Bankr. M.D. Ala. 2010). There, Judge Sawyer wrote:

> "A creditor who hopes to be paid from a bankruptcy estate must file a Proof of Claim. 11 U.S.C. § 501. Once a proof of claim is filed, it is deemed allowed unless a party in interest objects. 11 U.S.C. § 501. Unless extended by the Court, a Proof of Claim must be filed not later than 90 days after the meeting of creditors. Rule 3002(c), Fed. R. Bankr.P. Claims which are filed late are subject to being disallowed. 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002, provides as follows:
> (a) Necessity for filing
> An unsecured creditor or an equity security holder must file a proof of claim or interest or the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
> (b) Place of filing
> A proof of claim or interest shall be filed in accordance with Rule 5005.
> (c) Time for filing
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.
(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.
(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.
(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.
Thus, the plain language of the rule provides that claims in cases under Chapter 13, such as the case at bar, must be filed within 90 days of the first date set for the meeting of creditors. The rule further provides six exceptions, none of which are pertinent here.

The filing and allowance of claims of creditors are central to the operation of a Bankruptcy Court. A claims bar date provides a bright line so that the Trustee and the Debtor may proceed with the administration of a case. The case at bar is a Chapter 13 Bankruptcy in which the Debtor has proposed a Plan which

provides for a 100% distribution to unsecured claims. In a case such as this, it cannot be determined how much the Debtor must pay, or indeed whether a Chapter 13 case is feasible unless all of the claims have been filed. A claims bar date provides certainty and allows the Court to go forward with the administration of a case. This same bright line which provides the necessary certainty can operate a hardship upon creditors. The Bankruptcy Rules provide relief for creditors who fail to file within the claims bar date only in a few narrowly defined circumstances. Rule 3002(c), Fed. R. Bankr. P. Moreover, the catchall provision of Rule 9006, which allows relief from certain deadlines upon a showing of excusable neglect, is not available to extend the claims bar date in cases under Chapters 7, 12 and 13. *See, In re Thomas,* 181 B.R. 674, 675–76 (Bankr. S.D. Ga .1995)(concluding that the excusable neglect provision of Bankruptcy Rule 9006(b) does not apply).

Applying this analysis to the facts of the case at hand, two things become readily apparent: there is no path under the Bankruptcy Code or Rules that would allow this Court to grant Movant's Motion to Allow Late Claim; and the Motion itself is superfluous in light of 11 U.S.C. § 501.

Those Bankruptcy Courts in the Eleventh Circuit that have considered the issue[1] have unanimously held that the bar date for proofs of claim in Chapter 13 cases is a strict statute of limitations and that late filing of proofs of claim, over objection, is prohibited except under the narrowly defined circumstances listed in Bankruptcy Rule 3002(c). *See e.g., In re Jackson,* 482 B.R. 659 (Bankr. S.D. Fla. Oct. 25, 2012); *In re Stone,* 473 B.R. 465 (Bankr. M.D. Fla. June 14, 2012); *In re Zich,* 291 B.R. 883 (Bankr. M.D. Ga. March 31, 2003); *In re Weisheipl,* 2013 WL 5429931 (Bankr. N.D. Ga. (Sept. 6, 2013); *In re Goodwin,* 183 B.R. 329 (Bankr. S.D. Ga. June 12, 1995); *In re Bobby L. Edwards*, 2010 WL 3807161 (Bankr. M.D. Ala. 2010); *In re Ford,* 205 B.R. 960 (N.D. Ala. Feb. 14, 1996). This Court now joins the other Bankruptcy Courts of the Eleventh Circuit in

---

[1] To date, the only districts in the Eleventh Circuit that have *not* considered this issue are this district and the Northern District of Florida.

holding that "excusable neglect" is not available as grounds for leave to file an untimely proof of claim in a Chapter 13 case.

It is clear from the facts of this case and the Debtors Attorney's assertions at the hearing, that this Motion was unnecessary. The debt underlying the late filed claim is secured by a mortgage on the Debtors' homestead, and there was never a dispute as to the mortgage balance or the arrears. By operation of statute, once a proof of claim is filed, it is deemed allowed unless a party in interest objects. 11 U.S.C. § 501.

Therefore, with no party in interest having filed an objection, claim number 11-2 as amended is deemed allowed. Movant's Motion to Allow Late Claim is due to be and hereby is DENIED.

Dated: October 12, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE